

October 29, 2020

*Via First Class and Electronic Mail*

Glancy, Prongay, & Murray LLP
Attn: Benjamin I. Sachs-Michaels, Esq.
1925 Century Park East, Suite 2100
Los Angeles, California 90067

  Re: *Matthew Wallace: Demand to Take Legal Action Pursuant to Utah Law*

Dear Mr. Sachs-Michaels:

  We represent Co-Diagnostics, Inc. ("Co-Diagnostics" or the "Company") with respect to the above-referenced demand of Matthew Wallace ("Wallace") for an investigation into the Company's officers and directors.

  We note that your demand to "investigate whether any of Co-Diagnostics' officers and directors committed non-exculpable breaches of fiduciary duties or other violations of applicable law" is made in connection with allegations you assert are set forth in your letter to the Company, dated October 19, 2020. However, we note that you have not outlined any potential breaches of fiduciary duties or other violations of law which we may endeavor to investigate.

  With respect to the items you have outlined, we first note that you have mischaracterized statements made by Dr. Brent Satterfield regarding the accuracy of the Co-Diagnostics COVID-19 test, as set forth in an April 30, 2020 Salt Lake Tribune article entitled '*This is a Potential Public Health Disaster; COVID-19 Results From TestUtah.com Are Raising Questions*'.[1] We disagree with your characterization that the Company's officers touted the test as being "100% accurate." Instead, Dr. Satterfield reported on the results of outside evaluations of the Company's COVID-19 test, stating that the "tests scored between 99.52% and 100% in evaluations conducted by the FDA and in Europe" and that "[w]e are in the same ballpark as the other tests." If you have information to suggest that the evaluations conducted by the FDA and in Europe did not yield those conclusions, as of the date of Dr. Satterfield's recitation of same, we invite you to provide us with such information.

  Likewise, you have, as we believe, mistakenly raised concerns with certain statements made in a May 1, 2020 Press Release entitled *Co-Diagnostics, Inc. Releases COVID-19 Test Performance Data: Consistently Demonstrates 100% Sensitivity and 100% Specificity Across Independent Evaluations* (the "Press Release") wherein Dr. Satterfield quoted from independent laboratory evaluations of Co-Diagnostics' COVID-19 test, each of which demonstrated 100% sensitivity and 100% specificity.[2] You will note that these test results are not conclusions

---

[1] A true and correct copy of the Article is annexed hereto as **"Exhibit A."**
[2] A true and correct copy of the Press Release is annexed hereto as **"Exhibit B."**

attributable to Dr. Satterfield, nor do his statements consist of any more than an announcement of said test results. Therefore, your assertion that "Co-Diagnostics' officers doubled down and claimed the tests were 100% accurate" is simply not correct. By the Press Release, Co-Diagnostics claimed nothing more than that it achieved the results as specified in the independent evaluations, a claim which is unequivocally and undeniably true. For your reference, these evaluations were linked in the Press Release.

Therefore, with respect to your demand that we investigate whether Co-Diagnostics' officers and directors breached some unspecified fiduciary duty or other violation of law with respect to the allegations you raised, as set forth above, your mischaracterization of the attributed statements creates a false premise. Based on our investigation, the actual statements made are and were true and correct at the time they were made.

You also allege that "many members of the current Board do not appear disinterested and independent" for the purposes of responding to your letter with respect to the allegations raised therein. Again, we refer you to all of the foregoing regarding those allegations actually raised.

In addition, you have failed to raise any inference, reasonable or otherwise, as to any concern regarding the independence of any of the officers or directors of the Company. Indeed, your sole complaint rests on the forced mischaracterization of the statements by Dr. Satterfield. Please allow us to be very clear, we will not conduct an investigation into unspecified officers or directors regarding unspecified allegations of purported lack of disinterestedness or independence, nor will we make any guesses or presumptions as to any unspecified complaints.

As such, we consider the matter closed.

As a final note, you have in conclusory fashion alleged that the unspecified actions and omissions by unspecified officers or directors has inflicted harm upon the Company. While *we* note that you have failed to set forth any actions, omissions, officers, directors, or harm to the company whatsoever, *you* should note that under current management, the Company has sold more than 7,000,000 COVID-19 tests and increased the net equity **thirtyfold** since the send of 2019. As such, your assertion of harm done is rejected as frivolous and we will take no further action.

Sincerely,

/s/ Christopher P. Milazzo, Esq.

cc: Client