

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
# APPLICATION FOR PRO HAC VICE ADMISSION

## CONTACT INFORMATION

| | |
|---|---|
| Local Counsel: | Ryan B. Hancey (9101) |
| Firm: | Kesler & Rust |
| Address: | 68 S. Main Street, 2nd Floor |
| | Salt Lake City, UT 84101 |
| Telephone: | (801) 532-8000 |
| Email: | rhancey@keslerrust.com |
| | |
| Pro Hac Vice Applicant: | Charles Claudio Simpkins |
| Firm: | Carmel, Milazzo & Feil LLP |
| Address: | 55 West 39th Street |
| | 18th Floor |
| | New York, New York 10018 |
| Telephone: | (212) 658-0458 |
| Email: | csimpkins@cmfllp.com |

| | |
|---|---|
| Pro hac vice applicants who intend to become a member of the Utah State Bar, please identify the type of admission are you seeking? | ☐ Admission by Bar Examination<br>☐ Admission by UBE Transfer<br>☒ Motion/Reciprocal |

1

## **BAR MEMBERSHIP**

| Jurisdiction | Bar Number | Date of Admission |
|---|---|---|
| New York | 5232319 | May 21, 2014 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Have you ever been the subject of disciplinary action by any bar to which you have been admitted?    ☒ Yes    ☐ No

If yes, please explain:

> On August 9, 2018, the Attorney Grievance Committee (the "Committee") for the appellate Division, First Judicial Department of the New York State Courts published an opinion granting a joint motion for discipline by consent and censuring me for the professional misconduct. *Matter of Simpkins,* 2018 NY Slip Op 05739.
>
> It was alleged upon commencement of the disciplinary proceeding that on May 21, 2014, I unlawfully used a credit/debit card that I found to make purchases without authorization and then later made false statements regarding the incident. This is true and I agreed to stipulated facts which included an admission to these acts of professional misconduct. These acts were heavily influenced by my alcohol abuse. Prior to the charges, I began both group and individual substance abuse counseling at an out-group treatment center. I also voluntarily submitted to the New York City Bar Association's Lawyer's Assistance Program which assigned me a monitor for weekly in-person meetings, subjected me to monthly drug and alcohol testing, required proof of 90 consecutive days of counseling, and otherwise monitored my sobriety for a period of over six months.
>
> Thus, "[i]n light of the significant factors in mitigation, including [my] cooperation, admitted conduct and acceptance of responsibility,

2

> successful completion and ongoing involvement in the Lawyer's Assistance Program, expressions of remorse, and willingness to make restitution," the Committee agreed that public censure was the appropriate discipline.
>
> I have fully disclosed the facts and details of this discipline to my current employer and have practiced for over two years consecutively since censure.

### **LIST ALL PRO HAC VICE ADMISSIONS TO THE DISTRICT OF UTAH**

| Case Name | Case Number | Date of Admission |
|---|---|---|
| Gelt Trading Ltd. v. Co-Diagnostics, Inc., et al. | 2:20-cv-00368-CMR | October 28,2020 |
| Luis Aguilera v. Dwight H. Egan, et al. | 2:20-cv-00654-JNP-CMP | October 1, 2020 |
| Melvyn Klein v. Dwight H. Egan, et al. | 2:20-cv-00850-DBB | Pending Approval |

| | | |
|---|---|---|
| I certify that I am a member in good standing of all bars to which I have been admitted. | ☒ Yes | ☐ No |
| I certify that I have read and will comply with the Utah Rules of Professional Conduct and the Utah Standards of Professionalism and Civility. | ☒ Yes | ☐ No |

| | |
|---|---|
| I certify that the foregoing is true and correct and is subject to the penalty of perjury. | ☒ Yes   ☐ No |

/s/ Claudio Charles Simpkins                                     January 21, 2021
_____          _____

4