FILED
2021 NOV 16 PM 2:27
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WALLACE,<br><br>Plaintiff,<br><br>v.<br><br>EAGAN et al.,<br><br>Defendants. | ORDER GRANTING DEFENDANTS' MOTION TO STAY<br><br>Case No. 2:20-cv-00836-JNP-CMR<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Cecilia M. Romero |

Defendants Dwight Egan (Egan), James Nelson (Nelson), Eugene Durenard (Durenard), Edward Murphy (Murphy), Richard Serbin (Serbin), Reed Benson (Benson), and Brent Satterfield (Satterfield), and Nominal Defendant Co-Diagnostics, Inc. (Co-Diagnostics) (collectively Defendants) Motion for Stay of Action (Motion) (ECF 21) referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 4).  Defendants' Motion seeks to stay the current proceeding pending the resolution of other securities fraud class actions pending in the United States District Court, District of Utah, namely *Fernando Hernandez v. Co-Diagnostics, Inc., et al.*, Case No. 2:20-cv-00481-DAO consolidated with *Gelt Trading, LTD v. Co-Diagnostics*, Inc., et al., Case No. 2:20-cv-00368-JNP-DBP (collectively, the Securities Class Actions).  On October 26, 2021, the court held a hearing on the Motion and took the matter under advisement (Hearing) (ECF 27).  Based upon review of the memorandum[1] and arguments made at the Hearing, the court hereby GRANTS the Motion.

---

[1] In issuing this determination the court carefully considered the Motion, Plaintiffs' Opposition to Defendants' Motion to Stay (Opposition) (ECF 24), and Defendants' Reply Memorandum in Support of Motion for Stay of Action (Reply) (ECF 25).

## I. BACKGROUND

On November 24, 2020, Plaintiff initiated this shareholder derivative suit against Defendants alleging breach of fiduciary duty and Sections 10(b) and 21D of the Exchange Act (ECF 2). On March 18, 2021, the court consolidated *Reagan v. Egan*, Case No. 2:21-cv-0054-DBB,[2] into this action (ECF 19) and Plaintiff thereafter filed an Amended Complaint (ECF 21). In response, Defendants filed the pending Motion seeking a stay of this matter arguing Plaintiff's claims are grounded on the same allegations forming the basis for the Securities Class Actions and that a stay of this derivative action "will simplify the central issue, promote judicial economy, and prevent unnecessary expense and efforts by the parties." (ECF 21 at 1). Defendants contend resolution of the Securities Class Action could make this action moot as the claims in this matter are "nearly entirely predicated on the outcome of the Securities Class Actions." (*Id.*)

In the Opposition, Plaintiffs reject Defendants' arguments arguing a stay would prejudice Plaintiffs, Co-Diagnostics, and the public. Plaintiffs also contend a stay would be contrary to judicial economy and that any prejudice to Defendants is purely hypothetical (ECF 24).

## II. DISCUSSION

The court is empowered to stay proceedings pending before it for the purpose of economy of time and effort for itself, for counsel, and for litigants. *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963). When deciding whether to exercise its inherent power to stay, the court considers whether the stay would: (1) promote judicial economy; (2) avoid possible inconsistent results; and (3) whether the stay would not cause undue hardship or prejudice

---

[2] *Regan v. Egan* was shareholder derivative action brought on behalf of Co-Diagnostics against the Company's directors and officers alleging similar claims against Defendants.

against the non-moving party. *Dutcher v. Bold Films LP*, No. 2:15-cv-00110-DB-PMW, 2018 WL 5849471, at *1 (D. Utah Nov. 8, 2018);

### A. A stay would promote judicial economy.

The interest of judicial economy supports a stay. Though the court agrees with Plaintiff that the Securities Class Action may not preclude all of Plaintiff's claims, in this matter, the determination in the Securities Class Action may render this action moot and/or the court may benefit from the narrowing of issues. While the Plaintiff conceded at the hearing there is some overlap between this matter and the Securities Class Actions, it nonetheless less argued there is insufficient overlap to warrant a stay. The court disagrees. It appears there is substantial overlap between this matter and the Securities Class Action in that much of the relevant discovery may be duplicative, and following a determination of the pending dispositive motions in the Securities Class Actions, the parties could focus their discovery efforts in this matter which would promote judicial economy. Therefore, this factor weighs heavily in favor of stay.

### B. Proceeding in this matter may risk inconsistent results.

As to potential inconsistency, in its Motion, Defendants argue that to prevail here Plaintiff would need to undermine Co-Diagnostics defense in the Securities Class Action. In response, Plaintiff asserts this potential for prejudice is a purely hypothetical conflict in proceeding concurrently and argues this action is sufficiently distinct to proceed on an independent basis. Plaintiff also argues any potential risk can be combated by "case-management."

In litigation, all defendants are burdened when they are sued, whether the court ultimately dismisses the suit, grants summary judgment, the case is settled, or a trial occurs. *Chavez v. Young Am. Ins. Co.*, Case No. 06-CV-02419-PSB-BNB, 2007 WL 683973, at *2 (D. Colo. Mar.

2, 2007).  However, while it is not uncommon for a defendant corporation to have to defend multi-front litigation, courts in this district have held that defendants "face a substantial burden if they are forced to fight multiple legal battles simultaneously."  *Mohammed ex rel. Chipotle Mexican Grill, Inc. v. Ells*, No. 12-cv-01831-WJM-MEH, 2013 WL 1942216, at *3 (D. Colo. May 10, 2013).  Here, Defendants would face a significant burden in having to defend themselves in this matter and defend against liability in the Securities Class Action where the claims and issues are similar.  Therefore, this factor also weighs in favor of imposing a stay.

### C. A stay would not cause undue prejudice to Plaintiff.

A stay would not cause undue prejudice against Plaintiff.  While Plaintiffs have demonstrated a generalized interest in proceeding expeditiously with this case, they have not sufficiently demonstrated that they will be unduly prejudiced by a stay.  *See Wells v. Smith*, No. 12-cv-00447-WJM-KLM, 2014 WL 6886719, at *3 (D. Colo. Dec. 8, 2014).

On balance, the court finds the relevant factors weigh slightly in favor of imposing a stay.  The court will therefore stay this case until March 31, 2022, at which time, if necessary, it will set a status conference to address if the stay should remain in place.

### ORDER

For the reasons stated above, the court GRANTS the Motion to Stay.  The parties are hereby ORDERED to submit a joint status report updating the court on the Securities Class Action by March 15, 2022.

DATED this 16 November 2021.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah