Ryan B. Hancey, Esq., 9101
Attorney for Defendants
Kesler & Rust
68 South Main Street, Suite 200
Salt Lake City, Utah 84101
(801) 532-800 (TEL.)
rhancey@keslerrust.com

Christopher P. Milazzo, Esq., Pro Hac Vice
Attorney for Defendants
Carmel, Milazzo & Feil LLP
55 West 39th Street, 18th Floor
New York, New York 10018
(212) 658-0458 (TEL.)
cmilazzo@cmfllp.com
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTAL DIVISION**

| | |
|---|---|
| MATTHEW WALLACE, derivatively on behalf of CO-DIAGNOSTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DWIGHT H. EGAN, REED L. BENSON, BRENT SATTERFIELD, EUGENE DURENARD, EDWARD MURPHY, JAMES NELSON, and RICHARD S. SERBIN <br><br> Defendants. <br><br> And <br><br> CO-DIAGNOSTICS, INC., <br><br> Nominal Defendant | Case No. 2:20-cv-00836-JNP <br><br><br> **ANSWER** |

- 1 -

| | |
|---|---|
| JASON REAGAN, derivatively on behalf of CO-DIAGNOSTICS, INC., <br><br>    Plaintiff, <br><br> *v.* <br><br> DWIGHT H. EGAN, REED L. BENSON, BRENT SATTERFIELD, EUGENE DURENARD, EDWARD MURPHY, JAMES NELSON, and RICHARD S. SERBIN <br><br>    Defendants. <br><br>    And <br><br> CO-DIAGNOSTICS, INC., <br><br>    Nominal Defendant | |

Defendants Dwight Egan ("Egan"), Reed L. Benson ("Benson"), Brent Satterfield ("Satterfield"), Eugene Durenard ("Durenard"), Edward Murphy ("Murphy"), James Nelson ("Nelson"), and Richard Serbin ("Serbin") (collectively, the "Defendants") (hereinafter collectively referred to as the "Individual Defendants"), and Nominal Defendant Co-Diagnostics, Inc. ("Co-Diagnostics" or the "Company") (the Individual Defendants and Co-Diagnostics are collectively referred to herein as the "Defendants), by and through their attorneys, the firms of Carmel, Milazzo & Feil, LLC and Kesler & Rust, answer the Verified Consolidated Shareholder Derivative Complaint, (the "Complaint") filed herein by Plaintiffs Matthew Wallace ("Wallace") and Jason Reagan ("Reagan") on April 30, 2021 as follows:

## I.   NATURE AND SUMMARY OF THE ACTION

1. Admit the allegations contained in Paragraph 1 of the Complaint.

2. The historical price of Co-Diagnostics stock is a matter of public record which speaks for itself. Deny the remaining allegations and characterizations contained in Paragraph 2 of the Complaint except admit that the Company's test was the first to be granted regulatory approval in Europe and that the Company received regulatory approval from the U.S. Food and Drug Administration ("FDA") for Emergency Use Authorization.

3. Deny the allegations contained in Paragraph 3 of the Complaint.

4. Deny the allegations contained in paragraph 4 of the Complaint, and respectfully refer the Court to the referenced Salt Lake Tribune article, which speaks for itself.

5. Deny the allegations contained in paragraph 5 of the Complaint, and respectfully refer the Court to the referenced statement of the Iowa Governor, which speaks for itself.

6. Deny the allegations contained in paragraph 6 of the Complaint, and respectfully refer the Court to the historical prices of Co-Diagnostics stock.

7. Deny the allegations contained in Paragraph 7 of the Complaint, except admit that certain Defendants sold stock of the Company.

8. Deny the allegations contained in Paragraph 8 of the Complaint except admit that the alleged action captioned *Gelt Trading. Ltd v. Co-Diagnostics, Inc. et al.*, Case No. 2:20-cv-00368-JNP-DBP (the "Securities Class Action") was filed, the contents of which speaks for itself.

9. Deny the allegations contained in Paragraph 9 of the Complaint except admit that Wallace sent the October 19, 2020 letter, the contents of which speak for itself.

10. Deny the allegations and characterizations contained in Paragraph 10 of the Complaint except admit that counsel for the Company responded to the October 19, 2020 letter,

by letter dated October 29, 2020, the contents of which speak for itself.

11. Deny the allegations contained in Paragraph 11 of the Complaint except admit that Reagan sent the referenced November 11, 2020 letter, the contents of which speak for itself.

12. Admit the allegations contained in Paragraph 12 of the Complaint.

13. Deny the allegations contained in Paragraph 13 of the Complaint except deny knowledge or information sufficient to form a belief as to why Plaintiffs now file this action.

## II. JURISDICITON AND VENUE

14. Paragraph 14 of the Complaint consists of legal conclusions to which no responsive pleading is required.

15. Paragraph 15 of the Complaint consists of legal conclusions to which no responsive pleading is required.

## III. PARTIES

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Admit the allegations contained in Paragraph 18 of the Complaint.

19. Admit the allegations contained in Paragraph 19 of the Complaint.

20. Admit the allegations contained in Paragraph 20 of the Complaint.

21. Admit the allegations contained in Paragraph 21 of the Complaint.

22. Admit the allegations contained in Paragraph 22 of the Complaint.

23. Admit the allegations contained in Paragraph 23 of the Complaint.

24. Admit the allegations contained in Paragraph 24 of the Complaint.

25. Admit the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint does not contain any factual pleading to which a responsive pleading is required.

IV. **DUTIES OF THE INDIVIDUAL DEFENDANTS**

27. Paragraph 27 of the Complaint consists of legal conclusions to which no responsive pleading is required.

28. Deny the allegations contained in Paragraph 28 of the Complaint except admit that the Individual Defendants had knowledge of non-public information regarding the Company.

29. Paragraph 29 of the Complaint consists of legal conclusions to which no responsive pleading is required.

30. Deny the allegations contained in paragraph 30 of the Complaint except admit that that the Audit Committee Charter contains the quoted language, and respectfully refer the Court to the Audit Committee Charter, which speaks for itself.

31. Deny the allegations contained in paragraph 30 of the Complaint except admit that that the Audit Committee Charter contains the quoted language, and respectfully refer the Court to the Audit Committee Charter, which speaks for itself.

V. **SUBSTANTIVE ALLEGATIONS**

32. Admit the allegations contained in Paragraph 32 of the Complaint.

33. Deny the allegations contained in Paragraph 33 of the Complaint, except admit that on December 31, 2019, the Company's stock closed at $0.8952 per share.

34. Deny the allegations contained in paragraph 34 of the Complaint except admit that Co-Diagnostics developed a diagnostic screening test in response to the COVID-19 pandemic, and respectfully refer the Court to the referenced public reports, which speak for themselves.

35. Deny the allegations contained in paragraph 35 of the Complaint, except admit that the Company's COVID-19 test was one of the first of its kind to be granted regulatory approval in Europe and that the Company's stock price reached $17 per share in early March, 2020.

36. Deny the allegations contained in Paragraph 36 of the Complaint.

37. Deny the allegations contained in Paragraph 37 of the Complaint, except admit that the referenced March 20, 2020 press release contains the language quoted thereon, and respectfully refer the Court to the March 20, 2020 press release, which speaks for itself.

38. Admit the allegations contained in Paragraph 38 of the Complaint.

39. Deny the allegations contained in Paragraph 39 of the Complaint, except admit that the April 30, 2020 Salt Lake Tribune article contains the language quoted thereon, and respectfully refer the Court to the referenced April 30, 2020 article, which speaks for itself.

40. Deny the allegations contained in Paragraph 40 of the Complaint, except admit that the April 30, 2020 Salt Lake Tribune article contains the language quoted thereon, and respectfully refer the Court to the referenced April 30, 2020 article, which speaks for itself. .

41. Deny the allegations contained in Paragraph 41 of the Complaint, except admit that the April 30, 2020 Salt Lake Tribune article contains the language quoted thereon, and respectfully refer the Court to the referenced April 30, 2020 article, which speaks for itself.

42. Deny the allegations contained in Paragraph 42 of the Complaint, except admit that the May 1, 2020 press release contains the language quoted therein, and respectfully refer the Court to the referenced May 1, 2020 press release, which speaks for itself.

43. Deny the allegations, implications, and characterizations contained in Paragraph 43 of the Complaint.

44. Deny the allegations contained in Paragraph 44 of the Complaint, except admit that the May 14, 2020 Salt Lake Tribune article contains the language quoted thereon, and respectfully refer the Court to the referenced May 14 2020 article, which speaks for itself.

45. Deny the allegations contained in Paragraph 45 of the Complaint, and respectfully refer the Court to the referenced statement of the Iowa Governor, which speaks for itself.

46. Deny the allegations, implications, or characterizations contained in Paragraph 46 of the Complaint, and respectfully refer the Court to the referenced FDA statement, which speaks for itself..

47. Deny the allegations contained in Paragraph 47 of the Complaint.

48. Deny the allegations contained in Paragraph 48 of the Complaint, except admit that the referenced article by Zhiyuan Sun contains the language quoted therein, and respectfully refer the Court to the referenced article, which speaks for itself. .

49. Deny the allegations contained in Paragraph 49 of the Complaint, except admit that the referenced InvestorPlace article contains the language quoted therein, and respectfully refer the Court to the referenced article, which speaks for itself.

50. Deny the allegations, implications, or characterizations contained in Paragraph 50 of the Complaint and respectfully refer the Court to the referenced The New Yorker article, which speaks for itself.

51. Deny the allegations contained in Paragraph 51 of the Complaint.

52. Deny the allegations contained in Paragraph 52 of the Complaint, except admit that on or about May 23, 2020, Durenard sold 100,000 shares of the Company's stock.

53. Deny the allegations contained in Paragraph 53 of the Complaint, except admit that on or about May 23, 2020, Serbin sold 50,000 shares of the Company's stock.

54. Deny the allegations contained in Paragraph 54 of the Complaint.

## VI. DAMAGES TO THE COMPANY

55. Deny the allegations contained in Paragraph 55 of the Complaint.

56. Deny the allegations contained in Paragraph 56 of the Complaint..

57. Deny the allegations contained in Paragraph 57 of the Complaint.

## VII. DERIVATIVE AND DEMAND ALLEGATIONS

58. Deny the allegations contained in Paragraph 58 of the Complaint except deny knowledge or information sufficient to form a belief as to the reason Plaintiffs bring this action and as to whether the action is brought collusively to confer jurisdiction on this Court, and admit that Co-Diagnostics is named as a nominal defendant solely in a derivative capacity.

59. Deny the allegations contained in Paragraph 59 of the Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61. Admit the allegations contained in Paragraph 61 of the Complaint.

62. Deny the allegations contained in Paragraph 62 of the Complaint, except admit that Plaintiffs made demands on the Co-Diagnostics Board of Directors.

63. Admit the allegations contained in Paragraph 63 of the Complaint, and respectfully refer the Court to the referenced document, which speaks for itself.

64. Admit the allegations contained in Paragraph 64 of the Complaint, and respectfully refer the Court to the referenced document, which speaks for itself.

65. Deny the allegations contained in Paragraph 65, except admit that counsel for the Company responded to the Wallace Demand by letter, dated October 29, 2020, and respectfully refer the Court to said letter, which speaks for itself.

66. Admit the allegations contained in Paragraph 66 of the Complaint, and respectfully refer the Court to the referenced document, which speaks for itself..

67. Deny any characterization or implication contained in Paragraph 67 of the Complaint that Defendants did not investigate and/or address the contents of the Reagan Demand. Admit the remaining allegations contained in Paragraph 67 of the Complaint.

68. Deny the allegations contained in paragraph 68 of the Complaint, and respectfully refer the Court to Utah Code § 16-10a-740 for the contents thereof.

69. Deny the allegations contained in Paragraph 69 of the Complaint.

70. Deny the allegations contained in Paragraph 70 of the Complaint.

## COUNT I

**Against Defendants Egan, Benson, Satterfield, Durenard, Murphy, Nelson, and Serbin for Breach of Fiduciary Duty**

71. Defendants repeat and incorporate by reference each and every admission and denial in the above-paragraphs as if set forth fully herein.

72. Paragraph 72 of the Complaint consists of a legal conclusion to which no responsive pleading is required.

73. Deny the allegations contained in Paragraph 73 of the Complaint.

74. Deny the allegations contained in Paragraph 74 of the Complaint.

75. Deny the allegations contained in Paragraph 75 of the Complaint.

76. Deny the allegations contained in Paragraph 76 of the Complaint.

## COUNT II

**Against Defendants Serbin And Durenard For Insider Trading**

77. Defendants repeat and reallege each and every admission and denial in the above-

paragraphs as if set forth fully herein.

78. Deny the allegations contained in Paragraph 78 of the Complaint, except admit that Serbin and Durenard were independent directors of the Company and at certain times had access to certain information about the Company which was not generally available to the public.

79. Deny the allegations, characterizations, and implications contained in Paragraph 79 of the Complaint.

80. Deny the allegations contained in Paragraph 80 of the Complaint.

## AFFIRMATIVE DEFENSE

### First Affirmative Defense

The Complaint fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

The alleged statements at issue were true when made and/or were not materially misleading.

### Third Affirmative Defense

Individual Defendants were not required to, and had no obligation or duty to, make any further disclosures or make any corrective statements.

### Fourth Affirmative Defense

The Securities Class Action fails to state viable claims for securities fraud against the Company. Therefore, the Company will not suffer any damages as a result of same.

### Fifth Affirmative Defense

Neither Plaintiffs, nor the Company, were damaged or suffered any loss or injury resulting from the alleged misstatements or any other conduct alleged in the Complaint.

### Sixth Affirmative Defense

Plaintiffs lack standing to maintain this action.

### Seventh Affirmative Defense

Plaintiffs do not fairly and adequately represent the interests of the Company.

### Eighth Affirmative Defense

At all times, and with respect to all matters alleged in the Complaint, the Individual Defendants acted in good faith, and on an informed basis, and in a manner in which they reasonably believed to be in the best interests of the Company, and are therefore protected by the business judgment rule.

### Ninth Affirmative Defense

At all times with respect to the matters raised in the Complaint, the Individual Defendants exercised reasonable care, acted in good faith, and did not breach any fiduciary, contractual or other legal duty owed to Plaintiffs or the Company.

### Tenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the Individual Defendants acted in good faith, in accordance with applicable law, and without knowledge of knowledge of any wrongful acts or intent.

### Eleventh Affirmative Defense

The Second Cause of Action is not derivative in nature.   Therefore, same may not be asserted as a derivative claim.

### Twelfth Affirmative Defense

Plaintiffs claims are barred, in whole or in part, because Plaintiffs cannot establish that any alleged injuries to the Company were proximately caused by the Individual Defendants' alleged

breaches of fiduciary duty.

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred by the doctrines of waiver, laches, and estoppel.

### Fourteenth Second Affirmative Defense

Individual Defendants' conduct is protected under the business judgment rule.

### Fifteenth Affirmative Defense

Individual Defendants' liability as officers and/or directors is limited by statute.

### Sixteenth Affirmative Defense

The Individual Defendants did not make any of the alleged trades of the Company's stock based on, using, or while aware of, any material, non-public information regarding the Company.

### Seventeenth Affirmative Defense

The alleged stock trades by Individual Defendants were permissible and lawful under all state, federal, and regulatory laws, regulations, and guidelines.

### Eighteenth Affirmative Defense

Defendants are not liable for insider trading under the lack of use doctrine.

### Nineteenth Affirmative Defense

Any alleged decrease in the price of the Company's stock was due to factors other than any alleged wrongdoing of the Individual Defendants.

### Twentieth Affirmative Defense

Any damages to the Company were caused by events other than the conduct of the Individual Defendants, including but not limited to unrelated market forces, an inefficient and erratic market, and other irregularities and/or inconsistencies caused by the COVID-19 pandemic.

### Twenty-First Affirmative Defense

The damages alleged by Plaintiffs herein are speculative and uncertain.

### Twenty-Second Affirmative Defense

To the extent that discovery reveals facts that may give rise to them, the Individual Defendants assert the defenses of assumption of risk and unclean hands.

### Additional Affirmative Defense Reserved

Individual Defendants reserve their right to assert and pursue additional affirmative defenses that my become known through discovery or otherwise.

### Prayer for Relief

**WHEREFORE**, Defendants demand judgment as follows:

a) Dismissing the Complaint in its entirety;

b) For their costs and disbursements in this action, including their reasonable attorneys' fees; and

c) For such other and further relief as the Court deems just, proper, and appropriate.

Dated: April 22, 2022

CARMEL, MILAZZO & FEIL LLP

By: */s/ Christopher P. Milazzo*
Christopher P. Milazzo
55 West 39th Street, 18th Floor
New York, New York 10018
(212) 658-0458 (tel.)
(646) 838-1314 (fax)
cmilazzo@cmfllp.com
*Admitted Pro Hac Vice*
*Attorneys for Defendants*