Zachary J. Weyher (10846)
Pia Hoyt LLC
1953 S. 1100 E., #521524
Salt Lake City, Utah
Telephone: (801) 750-5425
E-mail: zachweyher@gmail.com
*Attorney for Plaintiffs Matthew Wallace and Jason Reagan*
Additional Counsel on Signature Page

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| IN RE CO-DIAGNOSTICS, INC. DERIVATIVE LITIGATION | **ATTORNEY PLANNING MEETING REPORT**<br><br>Case No. 2:20-cv-00836-JNP<br><br>District Judge Jill N. Parrish |

**1.     PRELIMINARY MATTERS**:

   a.     **Describe the nature of the claims and affirmative defenses**:

   This is a shareholder derivative action on behalf of nominal defendant Co-Diagnostics, Inc. ("Co-Diagnostics" or the "Company") asserting breach of fiduciary and insider trading claims under Utah law and violations of Sections 10(b) and 21D of the Securities Exchange Act of 1934 (the "Exchange Act"). Plaintiffs allege that the individual defendants, current and former officers and directors of Co-Diagnostics, breached fiduciary duties to the Company and its shareholders by concealing alleged problems with the Company's COVID-19 tests and then enriching themselves by selling stock at what Plaintiff alleges to be artificially inflated prices.

   b.     This case is referred to magistrate judge Cecilia M. Romero under 636(b)(1)(A).

   c.     Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on <u>4/28/2022</u> via teleconference.

   The following attended:

1

        Benjamin Sachs Michaels and Christopher Fallon of Glancy, Prongay & Murray, LLP, and James M. Ficaro of The Weiser Law Firm, P.C., counsel for Plaintiffs Matthew Wallace and Jason Reagan.

        Michael Nacht and Chris Milazzo of Carmel, Milazzo & Feil LLP, counsel for Defendants Dwight H. Egan, Reed L. Benson, Brent Satterfield, Eugene Durenard, Edward L. Murphy, James Nelson, and Richard S. Serbin.

    d.    The parties will exchange by <u>05/20/2022</u> the initial disclosures required by Rule 26(a)(1).

    e.    Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

2.    **DISCOVERY PLAN**: The parties jointly propose to the court the following discovery plan:

    The Parties have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The Parties agree that the relevant preservation period is January 1, 2019 through the present. The Parties have complied, and will continue to comply, with their obligations related to evidence preservation.

    No discovery has been taken to date. At the present time, the Parties anticipate depositions, interrogatories, document requests, requests for admission, and other fact and expert discovery available under the Federal Rules of Civil Procedure and Local Rules.

    The Parties reserve all claims of attorney-client privilege, work product protection and other applicable privileges. The Parties will endeavor to detail the procedures regarding claims of privilege in a stipulated protective order.

    a.    **Discovery is necessary on the following subjects**: Without prejudice to their rights to supplement or amend the following categories, the Parties anticipate that

        discovery will be needed regarding the elements of Plaintiffs' claims and Defendants' affirmative defenses. With respect to merits discovery, the Parties anticipate taking discovery on all matters relevant to the allegations in the Complaint, including but not limited to the Individual Defendants' actions in carrying out their fiduciary duties, overseeing the Company's public disclosure practices, managing risks, the accuracy of the Company's COVID-19 diagnostic test, and the damages to the Company.

b. **Discovery Phases**: The Parties will serve their initial written discovery requests no later than <u>June 1, 2022</u>. Responses shall be due pursuant to Federal Rules, and otherwise the Parties anticipate that document production will occur on a rolling basis and the production of Board minutes and presentations will be completed no later than <u>August 1, 2022</u> and substantial completion of all document production will be completed no later than <u>November 1, 2022</u>.[1] The Parties propose that the deadline for completion of fact discovery be set for <u>May 21, 2023</u>.

c. **Designate the discovery methods to be used and the limitations to be imposed**.

    (1) *For oral exam depositions, (i) specify the maximum number for the plaintiff(s) and the defendant(s), and (ii) indicate the maximum number of hours unless extended by agreement of the parties.*

    Oral Exam Depositions:

        The Parties agree that additional depositions beyond the limits imposed by Fed. R. Civ. P. 30(a)(2) will be required given the nature of this case. This case is a shareholder derivative action involving complex factual issues. In addition to the seven (7) Individual Defendants and Co-Diagnostics' witnesses, the Parties may need to depose certain third-party witnesses, such as analysts who covered Co-Diagnostics. The Parties

---

[1] In in an effort to preserve resources and streamline discovery, the Parties agree that, to the extent possible, they will coordinate the timing of Defendants' production of documents with that of the related securities class action (*see infra* Sec. IX), while prioritizing the production of document unique to this matter.

        propose to modification to the limitation on the number of depositions without leave of Court for good cause shown.

        Plaintiff(s): 20

        Defendant(s) 20

        Maximum number of hours per deposition: 8 hours.

(2) *For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.*

        For the reasons stated above, the Parties propose the following medication to the limitation on the number of interrogatories allowed by Fed R. Civ. P. 33(a)(1):

        Interrogatories: 35

        Admissions: No Maximum (Fed. R. Civ. P. 36)

        Requests for production of documents: No maximum (Fed. R. Civ. P. 34)

(3) Other discovery methods: The Parties will endeavor to agree to a stipulated ESI Protocol to be filed for the Court's consideration no later than 10 days after the Court enters a Case Management Order which will address discovery methods.

d. **Discovery of electronically stored information should be handled as follows**:

        The Parties agree in principle that a stipulated ESI protocol is appropriate in this action and will promptly negotiate and present one for the Court's consideration no later than ten (10) days after the court enters a Case Management Order. The Parties will endeavor to reach agreement on a protocol for searching and producing electronic documents, including but not limited to custodians and search terms. At this time, there are no disputes regarding electronically stored information that may not be reasonably accessible.

e. **The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows**:

        The Parties agree that a protective order is necessary due to the confidential nature of certain personal and business information that may be exchanged. To that end, the Parties will submit a stipulated protective order addressing the treatment of confidential information and any inadvertently produced information no later than ten (10) days after the court enters a Case Management Order.

    f.   **Last day to file written discovery:**  04/01/2023.

    g.   **Close of fact discovery:**  05/21/2023.

3.   **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:
    a.   The cutoff dates for filing a motion to amend pleadings are: 02/23/2023.
    b.   The cutoff dates for filing a motion to join additional parties are: 02/23/2023.
       ***(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed. R. Civ. P. 15(a))***.

4.   **EXPERT REPORTS**:
    a.   The parties will disclose the subject matter and identity of their experts on:
       Party(ies) bearing burden of proof: 06/19/2023
       Counter Disclosures: 08/19/2023
    b.   Reports from experts under Rule 26(a)(2) will be submitted on*:*
       Party(ies) bearing burden of proof: 06/19/2023
       Counter Reports: 08/19/2023
       Reply: 09/30/2023

5.   **OTHER DEADLINES**:
    a.   Expert Discovery cutoff:  11/30/2023
    b.   Deadline for filing dispositive[2] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case: 1/21/2024.
    c.   Deadline for filing partial or complete motions to exclude expert testimony: 30 days after the Court issues an Order on dispositive motions.

---

[2] Dispositive motions, if granted, resolve a claim or defense in the case; nondispositive motions, if granted, affect the case but do not resolve a claim or defense.

**6.     ADR/SETTLEMENT**:

*Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

a.     The potential for resolution before trial is: ___ good  _X_ fair  ____ poor

b.     The parties intend to engage in private alternative dispute resolution for:

arbitration: _____   mediation: __X____

d.     The parties will re-evaluate the case for settlement/ADR resolution on (*specify date*):  6 weeks prior to trial.

**7.     TRIAL AND PREPARATION FOR TRIAL:**

a.     The parties should have 21 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

b.     This case should be ready for trial by:  TBD.

*Specify type of trial*:  Jury __X___   Bench_____

c.     The estimated length of the trial is:  14 days.

Dated: April 29, 2022

**THE WEISER LAW FIRM PC**
By: *s/ James M. Ficaro*
James M. Ficaro (admitted *pro hac vice*)
Four Tower Bridge
200 Barr Harbor Dr., Ste. 400
West Coshohocken, PA 19428
Telephone: (610) 225-0206
Email: jficaro@weiserlawfirm.com

**GLANCY PRONGAY & MURRAY LLP**
Benjamin I. Sachs Michaels
712 Fifth Ave., 31st Floor
New York, NY 10019
Telephone: (212) 935-7400
Email: bsachmichaels@glancylaw.com

*Co-Lead Counsel for Plaintiffs Matthew Wallace and Jason Reagan*

Dated: April 29, 2022

**CARMEL MILAZZO & FELL LLP**
By: *s/ Michael D. Nacht*
Christopher P. Milazzo
Michael D. Nacht
55 W 39th St., 18th Floor

        New York, NY 10018
Telephone: (212) 658-0458
Email: mnacht@cmfllp.com
Email: cmilazzo@cmfllp.com

**KESLER & RUST**
Ryan B. Hancey
J. Adam Knorr
68 S. Main St., 2nd Floor
Salt Lake City, UT 84101
Telephone: (801) 532-8000
Email: rhancey@keslerrust.com
Email: aknorr@keslerrust.com
*Attorneys for Defendants*